IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NICK SPAGNOLO,<br><br>    Plaintiff,<br><br>  vs.<br><br><br>UNITED STATES INTERNAL<br>REVENUE SERVICE; PATRICIA<br>J. DEMAIO; MARY HALE,<br><br>    Defendants.<br>_____ | CIVIL NO. 12-00039 DAE-KSC<br><br>FINDINGS AND<br>RECOMMENDATION TO DISMISS<br>MOTION FOR WRIT OF<br>MANDAMUS AND DENY<br>APPLICATION TO PROCEED<br>IN FORMA PAUPERIS |

FINDINGS AND RECOMMENDATION TO DISMISS
MOTION FOR WRIT OF MANDAMUS AND DENY
<u>APPLICATION TO PROCEED IN FORMA PAUPERIS</u>

On January 18, 2012, Plaintiff Nick Spagnolo ("Plaintiff"), proceeding *pro se*, filed a Motion for Writ of Mandamus and an Application to Proceed In Forma Pauperis ("Application").

<u>DISCUSSION</u>

Plaintiff requests that the Court permit him to proceed *in forma pauperis*. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which

states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

Plaintiff's Motion is frivolous and fails to state a basis upon which to grant relief. District courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a writ of mandamus is a drastic remedy to be used only in extraordinary situations. Borja v. United States Dist. Court for the N. Mariana Islands, 919 F.2d

100, 100 (9th Cir. 1990); People of Territory of Guam v. Dist. Court of Guam, 641 F.2d 816, 820 (9th Cir. 1981). Traditionally, it has been used as a means to confine an inferior court to the lawful exercise of its jurisdiction or to compel it to exercise its authority. Borja, 919 F.2d at 100. District courts may grant writs in the nature of mandamus when necessary or appropriate in aid of their jurisdiction. 28 U.S.C. § 1651; Finley v. Chandler, 377 F.2d 548, 548 (9th Cir. 1967).

Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (citations omitted).

In the present case, Plaintiff is not entitled to mandamus relief. Plaintiff charges that the Internal Revenue Service ("IRS") has failed to complete an investigation concerning his employer's failure to

comply with tax laws governing the payment of his taxes.  Although he has not clearly articulated the relief he seeks, it appears that he desires an order from the Court directing the IRS to investigate his claims and correct his wage statements in his Social Security records.  The Court declines to do so.

As an initial matter, this Court lacks jurisdiction.  Plaintiff names the IRS, Patricia Demaio and Mary Hale[1] as defendants.  It is well settled that the United States, as a sovereign, is immune from suit unless it has expressly waive such immunity and consented to being sued.  <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985).  Where, as here, the United States has not consented to suit, dismissal is required.  <u>Id.</u> (citing <u>Hutchison v. United States</u>, 677 F.2d 1322, 1327 (9th Cir. 1982)).  That Plaintiff has named individual IRS employees does not keep the action from being a suit against the United States.  Because a suit against IRS employees in their official capacities

---

[1]  Based on the exhibits attached to Motion, it appears that Ms. Demaio and Ms. Hale are IRS employees.

is essentially a suit against the United States, absent express statutory consent to sue, dismissal is required. Id. Plaintiff has not established that the United States has waived its sovereign immunity and the mandamus statute does not waive the United States' immunity. Hill v. United States, 571 F.2d 1098, 1101 n.5 (9th Cir. 1978). As such, the Motion must be dismissed. Although the Court would ordinarily grant leave to amend, sovereign immunity necessarily precludes the relief sought and it would be futile to allow Plaintiff to amend his Motion.

Even if the Court were to entertain the merits of the Motion, dismissal would be the only appropriate course of action. First, Plaintiff's claim is anything but clear and certain. Second, the duties of the IRS and the named IRS officers are not ministerial and not so plainly prescribed as to be free from doubt. Lastly, the Court cannot say that Plaintiff has no other adequate remedy.

For the aforementioned reasons, the Court finds that the Motion is frivolous and fails to state a claim

upon which relief may be granted.  The Court therefore recommends dismissal of the Motion pursuant to 28 U.S.C. § 1915.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327) (stating that the in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

Given the Court's recommendation that the Motion be dismissed, Plaintiff's IFP Application is denied.

## CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Writ of Mandamus be DISMISSED without leave to amend and that his IFP Application be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, January 19, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 12-00039 DAE-KSC; Spagnolo v. United States Internal Revenue Service, et al.; FINDINGS AND RECOMMENDATION TO DISMISS MOTION FOR WRIT OF MANDAMUS AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS